UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GF FUNDING SWANSEA, LLC, et al., : | |
|     Plaintiffs, : | |
| : | |
| v. : | C.A. No. 23-364WES |
| : | |
| OCEAN INVESTMENT HOLDINGS, : | |
| LLC, et al., : | |
|     Defendants. : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A) is the motion of *pro se* Defendant Nicholas Fiorillo to consolidate this case[1] that he purportedly removed from the Massachusetts Superior Court (Suffolk) with seven others that he either filed as federal court civil actions in this Court or that he removed to this Court from an array of state courts in Massachusetts.  ECF No. 3.[2]  Claiming that it will serve judicial economy, Mr. Fiorillo accurately represents that he is a *pro se* litigant in each of these cases.  Otherwise, the balance of his representations about the commonality of parties, law and fact among these cases appear to be largely untrue.  Only one of the three plaintiffs in this case – GF Funding Swansea, LLC, Swansea Holdings, LLC and SMI Holdings LLC ("Plaintiffs") – is named as a party in any of the cases listed in the motion.  GF Funding Swansea, LLC is listed as a defendant in 23-cv-121WES; otherwise, there is no overlap of parties with the cases Mr. Fiorillo seeks to consolidate with this

---

[1] This case has been pending in the Suffolk County Superior Court of the Commonwealth of Massachusetts.  In that court, it is captioned as <u>GF Funding Swansea, LLC v. Ocean Investment Holdings, LLC</u> and is designated as 2284CV01064-BLS.  ECF No. 1-2 at 72.

[2] The caption of the motion also asks the Court to stay something, although this relief is not mentioned in the body of the motion and it is not clear what Mr. Fiorillo wants the Court to stay.  The Court has disregarded this aspect of the motion; to the extent that Mr. Fiorillo intended to ask the Court to stay something, the motion is denied.

one.  Nor is it clear that this simple state breach of contract/violation of state consumer protection law/tortious interference case implicates the issues of law and fact (e.g., racketeering, unlawful wiretapping, and breach of FDIC banking regulations) that appear to form the basis for 23-cv-121WES.  Thus, Mr. Fiorillo's representation in the motion that this case and all of the other cases are "very similar, if not identical" appears to be inaccurate.  By way of just one example, in 23-cv-121WES, Mr. Fiorillo has named (but not yet served) over eighty persons and entities, including Apple Inc., T-Mobile, the City of Boston and various officials and agencies of the City – as far as the pleadings reveal, none of these are implicated in any way in the facts presented in this case.  Further, while it is conceivable that subsequent proceedings in 23-cv-121WES will reveal commonality such that consolidation might yield efficiency, it is premature to make that determination at this phase where none of the defendants have yet been served and appeared.  Therefore, consolidation is not appropriate at this time.

      Based on the foregoing, Mr. Fiorillo's motion to consolidate (ECF No. 3) is denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 16, 2023