UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GF FUNDING SWANSEA, LLC, et al., : | |
|     Plaintiffs, : | |
| : | |
| v. : | C.A. No. 23-364WES |
| : | |
| OCEAN INVESTMENT HOLDINGS, : | |
| LLC, et al., : | |
|     Defendants. : | |

**SUA SPONTE REPORT AND RECOMMENDATION TO REMAND CASE TO MASSACHUSETTS STATE COURT AND ORDER TO SHOW CAUSE WHY SANCTIONS AND INJUNCTION SHOULD NOT BE ORDERED**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This case[1] was removed from the Massachusetts Superior Court (Suffolk) by a notice of removal that was filed by *pro se* Defendant Nicholas Fiorillo in this Court on September 4, 2023, but not in the state court until October 2, 2023.[2] Having reviewed the notice of removal and the accompanying state court pleading, I make the *sua sponte* finding that the removal is untimely and that this Court lacks subject matter jurisdiction and is an improper venue for the case;

---

[1] This case has been pending in the Suffolk County Superior Court of the Commonwealth of Massachusetts. In that court, it is captioned as GF Funding Swansea, LLC v. Ocean Investment Holdings, LLC and is designated as 2284-CV-01064-BLS2. ECF No. 1-2 at 1-72.

[2] As reflected on the public docket of the Massachusetts Superior Court (Suffolk), the notice of removal was not filed "[p]romptly" in the state court case as required by 28 U.S.C. § 1446(d). Instead, on August 29, 2023, Mr. Fiorillo filed a "Notice of Filing of Notice of Removal" in the state court case, which represented (inaccurately) that a notice of removal had been filed in this Court on August 24, 2023. GF Funding Swansea, LLC v. Ocean Investment Holdings, LLC, 2284CV01064 (Mass. Super. Ct. Aug. 29, 2023), Docket #25. Then, after the filing of a removal notice in this Court on September 4, 2023, the mandatory filing of the removal notice in the state court case was inexplicably delayed for almost a month, until October 2, 2023. Id. Docket #26 (October 2, 2023). In response, the state court quickly issued an order indicating that it would retain jurisdiction over the state court case despite this removal notice based on its findings, which I endorse, that this removal is untimely, that the notice purported to remove to this Court, which lacks venue, and that the case had already been remanded by order issued by the United States District Court of the District of Massachusetts. Id. Order of Oct. 11, 2023.

therefore, I make the *sua sponte*[3] recommendation[4] that the Court order that this case be remanded forthwith. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Pineiro v. Oriental Grp., 734 F. Supp. 2d 239, 242 (D.P.R. 2010) (D. Mass. 2009) (prior to expiration of the thirty-day time period for motion to remand, court may *sua sponte* remand based on procedural defects). Because of the egregiousness of Mr. Fiorillo's conduct in this case and others, I further order that Mr. Fiorillo must show cause in writing why his conduct in removing this case and others to this Court should not be sanctioned and why he should not be enjoined from continuing such conduct.

**I.      Background**

The underlying state court case was filed in the Massachusetts Superior Court (Suffolk) on May 13, 2022, and was served on Mr. Fiorillo in May 2022, well more than a year before the purported removal. ECF No. 1-2 at 3, 72. On the face of the complaint, the case relates to Massachusetts real estate and is based on Massachusetts state law (breach of contract, tortious interference and violation of Mass. Gen. Laws chs. 93A and 231A). As reflected in the pleading, the litigation was brought by three limited liability companies, two of which are alleged to be Massachusetts entities; of these, one has its principal office in Massachusetts where its manager

---

[3] The law is unclear whether *sua sponte* remand for procedural defects is appropriate if the order of remand issues more than thirty days after the filing of the notice of removal. See Pineiro v. Oriental Grp., 734 F. Supp. 2d 239, 242 (D.P.R. 2010) (prior to expiration of the thirty-day period for motion to remand in 28 U.S.C. § 1447(c), court may *sua sponte* remand based on procedural defects). Here, however, the state court docket reveals that Mr. Fiorillo failed to perfect his notice of removal by filing it promptly in the state court case as required by 28 U.S.C. § 1446(d). See *supra* n.2. Therefore, I find that the Court has retained its power to remand *sua sponte* for defects other than subject matter jurisdiction. In any event, this arguable timeliness issue does not impact the outcome; my recommendation to remand remains the same even if based only on the lack of subject matter jurisdiction. Delpidio v. Fiorillo, C.A. No. 23-349WES, 2023 WL 6632965, at *1 n.2 (D.R.I. Oct. 12, 2023).

[4] As with the other cases removed by Mr. Fiorillo despite the lack of subject matter jurisdiction, I am issuing a report and recommendation. See BSI 254 Westfield, LLC v. Fiorillo, C.A. No. 23-363WES, 2023 WL 6532639, at *1 n.1 (D.R.I. Oct. 6, 2023).

is based.  ECF No. 1-2 at 3, 24-25, 40.  Mr. Fiorillo, who resides in and is presumptively a citizen of Massachusetts, is one of the defendants.  ECF 1-2 at 3.  While the members of the plaintiff limited liability companies are not disclosed, nothing in the pleadings or removal notice suggests that there is complete diversity; indeed, Mr. Fiorillo's signed civil cover sheet indicates that there is not diversity of citizenship.  ECF No. 1-1.  There are no claims arising from the Constitution, laws or treaties of the United States.  Neither the pleading nor the removal notice contains any claims of race discrimination or allegations that Mr. Fiorillo is a government official compelled by state law or state action to violate federal civil rights.

This is Mr. Fiorillo's <u>third</u> attempt to remove this state court case to federal court.  His first attempt was rejected in a *sua sponte* decision issued by Judge Burroughs in the District of Massachusetts based on the lack of federal subject matter jurisdiction.  <u>GF Funding Swansea, LLC v. Ocean Investment Holdings, LLC</u>, No. 22-cv-11795-ADB (D. Mass. Oct. 26, 2022) (ECF No. 3), <u>appeal dismissed</u>, 22-1838 (1st Cir. Feb. 8, 2023).  In the text order, the court found that "the underling action is purely based upon state law claims," that "[t]here is also no diversity jurisdiction," and that "there is no reason to delay remand."  <u>Id.</u>  The court directed the clerk to "enter an order of remand forthwith."  <u>Id.</u>  A second attempt was rejected *sua sponte* in <u>GF Funding Swansea, LLC v. Fiorillo</u>, No. 23-cv-11810-NMG (D. Mass. Aug. 11, 2023) (ECF No. 6), by Judge Gorton of the District of Massachusetts based on Mr. Fiorillo's failure to comply with the injunction entered in <u>Raymond C. Green, Inc. Tr. of Raymond C. Green Tr. v. Delpedio</u>, Civil Action No. 23-10732-NMG, 2023 WL 4347330, at *3 (D. Mass. July 5, 2023) (listing thirteen failed attempts by Mr. Fiorillo to remove cases to District of Massachusetts; awarding § 1447(c) fees and costs and entering injunction to "curb [Mr. Fiorillo's] vexatious or abusive litigation conduct"), <u>aff'd,</u> No. 23-1583 (1st Cir. July 18, 2023).  Like Judge Burroughs, Judge

3

Gorton found no reason to delay; he also admonished Mr. Fiorillo that "his failure to comply with court orders may result in further sanctions." GF Funding Swansea, No. 23-cv-11810 (D. Mass. Aug. 11, 2023) (ECF No. 6).

In defiance of these decisions, on September 4, 2023, Mr. Fiorillo filed in this Court a notice that invokes 28 U.S.C. §§1441, 1443, 1446 and "hereby removes to this Court the above-captioned State Court action," purportedly in response to "the recent and numerous violations of Federal statute, constituting gross violation of his Constitutional, civil rights." ECF No. 1 at 1. In the removal notice, Mr. Fiorillo failed to disclose that this case had already been twice removed and twice remanded. Further, prior to the filing of the removal notice in this case, Mr. Fiorillo was cautioned by this Court that venue does not lie in the District of Rhode Island for cases removed from state courts in Massachusetts:

> Before paying the filing fee or submitting an application to proceed in forma pauperis, Petitioner is cautioned that, aside from any other defects in the purported removal, the statutes on which he relies all limit removal "to the district court of the United States for the district and division embracing the place wherein [the State court action] is pending." 28 U.S.C. §§ 1441, 1443.

Delpidio v. Fiorillo, No. 23-cv-349WES, Text Order of Aug. 29, 2023. Following the entry of this text order, Mr. Fiorillo ignored the Court's caution and continued removing cases to the District of Rhode Island from various Massachusetts state courts, including this case.

**II.    Applicable Law and Analysis**

Whether a state action may be removed to federal court begins with examination whether there is federal jurisdiction. Rhode Island v. Smart Green Solar, LLC, C.A. No. 23-298-JJM-LDA, 2023 WL 6276571, at *1 (D.R.I. Sept. 26, 2023). The party seeking to remove a case to federal court must shoulder the burden of demonstrating the existence of federal jurisdiction. Cardillo v. Cardillo, 360 F. Supp. 2d 402, 414 (D.R.I. 2005). "The removal statute, moreover,

should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." Id. (internal quotation marks omitted).  As the District of Massachusetts already noted in this case, lack of subject matter jurisdiction over a removed case may be raised *sua sponte* by the court at any time.  See, e.g., Violette v. Click Bank, 1:20-cv-00412-NT, 2021 WL 76719, at *1 (D. Me. Jan. 8, 2021) ("After review of Plaintiff's complaint and the Notice of Removal, I recommend the Court, *sua sponte*, remand the matter to state court based on a lack of subject matter jurisdiction"), adopted, 2021 WL 694812 (D. Me. Feb. 23, 2021); Rivera Narvaez v. JC Penney Puerto Rico, Inc., Civil No. 18-1896(RAM), 2019 WL 3941104, at *4 (D.P.R. Aug. 20, 2019) ("Although Plaintiffs have not presented a request to remand their claims to state court, pursuant to 28 U.S.C § 1447(c) and its applicable case law, this Court, *sua sponte*, remands the present case for lack of subject matter jurisdiction.").

For § 1441 removal, the case must be a civil action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  That is, the case is removable based on diversity of citizenship if the party alignment and amount in controversy is sufficient to satisfy the requirements of 28 U.S.C. § 1332(a), as long as no defendant is a citizen of the state in which the action was brought.  28 U.S.C. § 1441(b).  Also removable are cases that include a claim arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331.  28 U.S.C. § 1441(c).  Unless the case properly invokes federal subject matter jurisdiction based either on § 1331 or § 1332, it may not be removed to federal court pursuant to § 1441.  Smart Green Solar, LLC, 2023 WL 6276571, at *1.  The "original jurisdiction" requirement is essential and simply mentioning a federal issue in a complaint or removal notice is insufficient to create federal subject-matter jurisdiction.  Raymond C. Green Tr. v. Fiorillo, Civil Action No. 22-11724-ADB, 2022 WL 16857197, at *1 (D. Mass. Nov. 10, 2022).  A

"district court confronted with a question of subject matter jurisdiction . . . only asks whether the complaint, on its face, asserts a colorable federal claim." BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 832 (1st Cir. 1997).

Section 1441 removal of this case fails because this Court lacks subject matter jurisdiction in that it is plain from the face of the underlying complaint that no federal court (that is, neither the District of Massachusetts nor the District of Rhode Island) would have had subject matter jurisdiction over this case because Mr. Fiorillo has failed to sustain his burden of showing that there is diversity of citizenship and no federal question is presented, as the District of Massachusetts has already held. GF Funding Swansea, LLC, 22-cv-11795 (Oct. 26, 2022) (ECF No. 3). For this reason, to the extent that Mr. Fiorillo relies on § 1441(a), this Court lacks subject matter jurisdiction and remand is required pursuant to 28 U.S.C. § 1447(c). Raymond C. Green Tr., 2022 WL 16857197, at *1.

For § 1443 removal, the case must be a civil action or a criminal proceeding against a defendant who has been denied and cannot enforce his/her constitutional right of equal protection in the state court. See Raymond C. Green Tr., 2022 WL 16857197, at *2 (remanding state court eviction action removed by Mr. Fiorillo pursuant to § 1443). That statute provides:

> Any of the following civil actions . . . commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Under the first subpart, "[t]he Supreme Court has construed this statutory language as limited to 'any law providing for specific civil rights stated in terms of racial equality.'" Peltier v. Peltier, 548 F.2d 1083, 1084 (1st Cir. 1977) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see Imasuen v. Winn Prop. Mgt., Civil Action No. 13-13204-DPW, 2013 WL 6859094, at *2 (D. Mass. Dec. 26, 2013) (removed summary process case subject to remand where first subpart did not apply). That is, the removing defendant must prove that the rights allegedly denied to him arise under a federal law "providing for specific civil rights stated in terms of racial equality," as well as that he has been "denied or cannot enforce" the specific civil rights in state court. Parris v. Parris, Civil Action No. 4:17-CV-504, 2017 WL 5184567, at *3 (E.D. Tex. Nov. 9, 2017) (internal quotation marks omitted). As to the second subpart, "[r]emoval pursuant to § 1443(2) is 'available only to federal officers and to persons assisting such officers in the performance of their official duties.'" Nickerson-Malpher v. Wells Fargo Bank, N.A., C.A. No. 10-1033-JLT, 2010 WL 3069950, at *3 (D. Mass. Aug. 3, 2010) (quoting City of Greenwood v. Peacock, 384 U.S. 808, 815 (1966)); see Maine v. Counts, No. 22-1841, 2023 WL 3167442, at *1 (1st Cir. Feb. 16, 2023), cert denied, ___ S. Ct. ___, 2023 WL 6378762 (Oct. 2, 2023) (§ 1443(2) applies only to federal officers, state officers, and those assisting them in the performance of their official duties). Section 1443 has been interpreted narrowly by the Supreme Court, which holds that it applies only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." City of Greenwood, 384 U.S. at 828. Nothing in the underlying complaint or in Mr. Fiorillo's notice of removal establishes racial equality allegations or that the case implicates Mr. Fiorillo's role as a

federal or state officer or a person assisting such officers.  Therefore, to the extent that Mr. Fiorillo's attempt to remove invoked § 1443, the Court lacks subject matter jurisdiction and the case must be remanded.

Whether brought under § 1441 or § 1443, removal venue is strictly limited to the federal district court (and, if applicable, the division of that court) where the state court case was pending.  28 U.S.C. §§ 1441, 1446.  If the case is otherwise properly removable, the court could transfer venue to the proper district or remand the case back to state court.  See Texas. Mut. Ins. Co. v. SITUS Trucking, LLC, Civil No. 22-cv-01563, 2023 WL 4634643, at *7 (D.P.R. July 20, 2023).  However, where, as here, federal subject matter jurisdiction is also lacking, a venue transfer is not appropriate and the federal court in a district that is not the proper venue should remand the case back to the state court for further proceedings.  Delpidio, 2023 WL 6632965, at *5. Mr. Fiorillo ignored this Court's caution and persisted in filing this case in a Court where venue does not lie.  See Delpidio, No. 23-cv-349WES, Text Order of Aug. 29, 2023.  Because this Court also lacks subject matter jurisdiction, I recommend that the matter be summarily remanded based on the improper venue.

Finally, with the notice of removal filed well more than a year after this action was initiated in state court and the pleading was served on Mr. Fiorillo, the case is also subject to remand based on Mr. Fiorillo's non-compliance with the timeliness requirement in § 1446(b)(1). This mandatory statutory provision applies to removals under both § 1441 and § 1443 and requires that the removal notice must be filed within thirty days after receipt by the defendant of a copy of the pleading setting forth the claim for relief on which the removal is based; an untimely removal is subject to remand.  Aroostook Cnty. Fed. Sav. & Loan v. Marrett, No. 1:23-cv-00006-JAW, 2023 WL 2868144, at *3 (D. Me. Apr. 10, 2023) (failure to file removal within

thirty-day period in § 1446(b)(1) means litigant has "lost the option of federal court") (internal quotation marks omitted); <u>Wells Fargo Bank, N.A. as Trustee for Holders of First Franklin Loan Tr. v. Cabacoff</u>, Civil No. 17-cv-39-JL, 2017 WL 4217329, at *1 (D.N.H. May 26, 2017) ("30-day time limit is construed strictly"; "[b]ecause the defendants' removal is untimely, the court GRANTS the plaintiff's motion to remand"). Mr. Fiorillo's removal of this case was well over a year late. For this additional reason, the Court should order that this case be summarily remanded.

A coda: in determining the timing of certification of the remand order, the Court must be mindful of the statutory provision making an order remanding a §1443 removal appealable. <u>BP p.l.c. v. Baltimore</u>, 593 U.S. ___, 141 S. Ct. 1532, 1542-43 (2021) (pursuant to § 1447(d), remand of case removed pursuant to § 1443 is appealable). Our Circuit has held that a "district court may wish to avoid immediately certifying the remand order . . . [to] give the removing party an opportunity to move for a stay, to seek reconsideration, and/or to appeal the order and request a stay from the court of appeals." <u>Forty Six Hundred LLC v. Cadence Educ., LLC</u>, 15 F.4th 70, 81 (1st Cir. 2021). With this case having already been remanded twice, and consistent with the holding by Judge Burroughs and Judge Gorton, I do not recommend that the Court follow this procedure. Based on all of the circumstances set forth above, I find that no delay is necessary and that the interests of justice require an immediate remand with no further delay and interference with the state court proceedings.

In light of the foregoing, there is no need for the Court to go further. I *sua sponte* recommend that the Court order that this case be remanded forthwith to the Massachusetts Superior Court (Suffolk) for further proceedings.

**III.     Show Cause Regarding Sanctions and Injunction**

The district court has the inherent power to issue sanctions; that power, however, should be "exercised with restraint and circumspection." Pimentel-Soto, 957 F.3d 82, 87 (1st Cir. 2020) (internal quotation marks omitted). A court has the "inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad faith, vexatious, wanton, or oppressive behavior." Tobias v. Smith, Civil Action No. 22-10609-FDS, 2023 WL 168659, at *4 (D. Mass. Jan 12, 2023). Courts can sanction *pro se* litigants. Siri v. Town of Hingham, ___ F. Supp. 3d ___, Civil Action No. 21-40138-TSH, 2023 WL 2429359, at *3 (D. Mass. Mar. 9, 2023) (*pro se* plaintiffs are subject to sanctions, court must consider party's sophistication and experience, or lack thereof, when determining nature and severity of sanctions); Yates v. U.S. Pat. & Trademark Off., No. 5:19CV2350, 2020 WL 709282, at *2 (N.D. Ohio Feb. 12, 2020) (*pro se* plaintiffs have no right to abuse the judicial process by repeatedly filing meritless cases); Bradley v. Wallrad, No. 1:06CV246, 2006 WL 1133220, at *1 n.2 (S.D. Ohio Apr. 27, 2006) (*pro se* has "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets") (internal quotation marks omitted). Sanctions based on the court's inherent power may be based on the time the judge and court staff are required to invest. Shire LLC v. Abhai, LLC, 298 F. Supp. 3d 303, 335-36 (D. Mass. 2018) (a judge's time "is the most expensive resource in the courthouse" and the "judicial system of dispute resolution is not cost free and those who abuse it through misconduct impose direct costs on the law abiding taxpayers who support it") (internal quotation marks omitted), appeal dismissed, Nos. 2018-1866, 2018-2280, 2018 WL 5270466 (Fed Cir. Oct. 22, 2018). The court has the authority to impose sanctions *sua sponte*, provided that the litigant must be afforded notice and an opportunity to be heard before monetary sanctions are imposed. United States v. Agosto-Vega, 731 F.3d 62, 66 (1st Cir. 2013).

10

The Supreme Court has specifically counseled that the remedy for a frivolous assertion that § 1443 applies is sanctions. BP p.l.c., 141 S. Ct. at 1542-43.

In seeking to remove this case and others to the District of Rhode Island, Mr. Fiorillo has engaged in the following conduct. First, in this case, he has defied the orders of two federal judges, one of which he unsuccessfully appealed. Mr. Fiorillo's seeming intentional evasion of those orders by filing in this District is also in defiance of this Court's caution that venue in this District does not lie for removal of a state court case pending in the Commonwealth of Massachusetts. Further, Mr. Fiorillo has burdened this Court with nine other purported removals, most of which appear to be without subject matter jurisdiction, at least four of which appear to be in defiance of remand orders issued in the District of Massachusetts. Further, eleven times, Mr. Fiorillo has purported to file matters that have required review by the Clerk's office and (as to some) have been reviewed by a judicial officer and returned to him for failure to comply with 28 U.S.C. § 1446(a), all imposing additional burden on this Court. Finally, Mr. Fiorillo's filing of this case in this Court appear to be in further defiance of the injunction entered in Raymond C. Green, Inc., 2023 WL 4347330, at *3, for which he was previously admonished that the persistence of such conduct could lead to sanctions.

Mindful of Mr. Fiorillo's right to notice and an opportunity to be heard before imposing inherent-power sanctions or enjoining further frivolous filings, the Court hereby orders that Mr. Fiorillo must show cause in writing why the conduct in removing this case to this Court and the other conduct described above should not be sanctioned pursuant to the Court's inherent power and why he should not be enjoined from continuing the conduct described above in this and other cases. Further, because it is focused on Mr. Fiorillo's conduct and its impact on this Court, this show cause will proceed separately from the remand of this case and is the subject of a separate

text order that is issuing today. Therefore, even after this case is summarily remanded, as I am recommending, the show cause proceedings shall continue.

### IV.  Conclusion

Based on the foregoing, I *sua sponte* recommend that this case be summarily remanded to the Massachusetts's Superior Court (Suffolk) for further proceedings based on the lack of federal subject matter jurisdiction and the untimeliness of the removal. Pursuant to the court's inherent power, I further recommend that the Clerk be directed immediately to send a certified copy of the Order of remand to the clerk of that court. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

In addition to the foregoing, as memorialized in the text order and hearing notice that are issuing today in this case, Mr. Fiorillo is ordered to show cause in a writing that must be filed on or before November 3, 2023, why his conduct in removing this case to this Court and as further described in this decision should not be sanctioned pursuant to 28 U.S.C. § 1447(c) and the Court's inherent power and why he should not be enjoined from continuing such conduct. On November 13, 2023, at 10 a.m., the Court will conduct a hearing to consider these issues at which Mr. Fiorillo is ordered to appear.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 17, 2023